IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DANIEL JUSTINIANO, *et al.*,<br><br>**Plaintiffs,**<br><br>v.<br><br>THE SOCIAL SECURITY ADMINISTRATION, *et al.*,<br><br>**Defendants.** | CIVIL NO. 15-02593 (JAG) |

OPINION AND ORDER

GARCIA-GREGORY, D.J.

Pending before this Court is a Motion to Dismiss for lack of subject matter jurisdiction, or in the alternative, for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), correspondingly, filed by Defendants, the Social Security Administration and Carolyn W. Colvin—the Commissioner of the Social Security Administration—(collectively "Defendants"). Docket No. 10. Plaintiffs Daniel Justiniano, Francisco Menéndez and Person A (collectively "Plaintiffs") timely opposed. Docket No. 11. Defendants filed a reply. Docket No. 12-1. Plaintiffs' complaint challenges the redetermination process followed by the Social Security Administration (the "Agency") and the Commissioner of the Social Security Administration (the "Commissioner") in order to assess if fraud was involved in their insurance disability benefits application and the subsequent administrative review process. Docket No. 1. The issue before the Court is whether Plaintiffs followed the statutorily mandated administrative procedures of the Social Security Act ("SSA" or "Act") to obtain judicial review. The Court holds that Plaintiffs

did not follow the statutorily mandated administrative procedures of the SSA, and thus this Court does not have subject matter jurisdiction over Plaintiffs' claims. Accordingly, the Court GRANTS Defendants' Motion to Dismiss.

## BACKGROUND[1]

The SSA was amended by The Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103–296, 108 Stat 1464, to add provisions addressing fraud or similar fault in individuals' applications for benefits. Section 405(u) of the Act, as amended, orders the Commissioner to "immediately redetermine the entitlement of individuals to monthly insurance benefits under [Title II] if there is reason to believe that fraud or similar fault was involved in the application of the individual for such benefits." 42 U.S.C. § 405(u)(1)(A). Moreover, the Agency has "the authority to suspend current benefits after giving proper notice to the beneficiary." HALLEX I-1-3-25 C.2, 2014 WL 2889588.[2]

In August 2013, the Social Security Administration's Office of the Inspector General (SSA-OIG) and the Federal Bureau of Investigations (FBI) filed criminal charges against Dr. José R. Hernández González, among others, for making false statements or representations to the Agency. Because Dr. Hernández González had provided evidence in Plaintiffs' cases—that was used to find them disabled and entitled to the insurance disability benefits—the Agency notified Plaintiffs of the suspension of their benefits. Thereupon, the Agency initiated a redetermination process pursuant to Section 405(u) of the Act. As a result, Plaintiffs' insurance disability

---

[1] For purposes of Defendant's Motion to Dismiss, all facts are taken from Plaintiff's complaint, Docket No. 1, and are presumed to be true.
[2] The Hearings, Appeals and Litigation Law (HALLEX) Manual is available at https://www.ssa.gov/OP_Home/hallex/I-01/I-1-3-25.html.

benefits were terminated. Plaintiffs sought reconsideration of the redeterminations, and the Agency affirmed the decisions to terminate their benefits. Consequently, Plaintiffs requested a hearing before an administrative law judge (ALJ). Nevertheless, before such hearing occurred, Plaintiffs filed suit in this Court challenging the redetermination process and the subsequent administrative review process.

## STANDARD OF REVIEW

Under Fed. R. Civ. P. 12(b)(1), a defendant may move to dismiss an action for lack of subject matter jurisdiction. As courts of limited jurisdiction, federal courts must narrowly construe jurisdictional grants. *See e.g., Alicea–Rivera v. SIMED*, 12 F.Supp.2d 243, 245 (D.P.R. 1998). Consequently, the party asserting jurisdiction has the burden of demonstrating the existence of federal jurisdiction. *See Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995); *Droz–Serrano v. Caribbean Records Inc.*, 270 F.Supp.2d 217 (D.P.R. 2003). When deciding whether to dismiss a complaint for lack of subject matter jurisdiction, the Court "may consider whatever evidence has been submitted, such as depositions and exhibits." *See Aversa v. United States*, 99 F.3d 1200, 1210 (1st Cir. 1996).

Under Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss an action for failure to state a claim upon which relief can be granted. In *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 (2007), it was held that to survive a motion to dismiss under Rule 12(b)(6), a complaint must state enough facts to "nudge [the plaintiff's] claims across the line from conceivable to plausible." Therefore, to preclude dismissal pursuant to Fed. R. Civ. P. 12(b)(6), the complaint must rest on factual allegations sufficient "to raise a right to relief above the speculative level." *Id.*

at 555. At this stage, the Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in the plaintiff's favor. *See Correa-Martínez v. Arrillaga-Belendez*, 903 F.2d 49, 51 (1st Cir. 1988). Thus, the plaintiff bears the burden of stating factual allegations regarding each element necessary to sustain recovery under some actionable theory. *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988). Courts need not address complaints supported only by "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996).

Above all, a district court faced with "motions to dismiss under both Fed. R. Civ. P. 12(b)(1) and 12(b)(6), absent good reason to do otherwise, should ordinarily decide the 12(b)(1) motion first." *Ne. Erectors Ass'n of BTEA v. Sec'y of Labor, Occupational Safety & Health Admin.*, 62 F.3d 37, 39 (1st Cir. 1995) (citing *See* 5A Charles Wright & Arthur Miller, *Federal Practice and Procedure* § 1350, at 210 (1990); *Bell v. Hood*, 327 U.S. 678, 682 (1945)). Motions brought under Rule 12(b)(1) are subject to the same standard of review as Rule 12(b)(6) motions. *Negrón–Gaztambide v. Hernández–Torres*, 35 F.3d 25, 27 (1st Cir. 1994); *Torres Maysonet v. Drillex, S.E.*, 229 F.Supp.2d 105, 107 (D.P.R. 2002).

## ANALYSIS

Pending before this Court is Defendants' Motion to Dismiss Plaintiffs' complaint. Docket No. 10. First, Defendants argue that Plaintiffs' complaint must be dismissed for lack of subject matter jurisdiction. *Id.* Accordingly, they allege that Plaintiffs have not complied with the statutorily mandated administrative procedures of the SSA, nor does their case fall under an exception to obtain judicial review without complying with such process. *Id.* Furthermore,

Defendants contend that Plaintiffs' request for mandamus relief fails because the necessary pre-requisites for such relief are not met. *Id.* In the alternative, Defendants assert that Plaintiffs' allegations fail to state a claim upon which relief can be granted, since the regulations that Defendants allegedly violated do not apply to the redetermination process pursuant to Section 405(u) of the SSA, 42 U.S.C. § 405(u), at issue in this case. *Id.*

In response to Defendants' Motion to Dismiss, Plaintiffs assert that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because their complaint arises under the Due Process Clause of the U.S. Constitution, and pursuant to the Mandamus Statute, 28 U.S.C. § 1361.[3] Docket No. 11. Plaintiffs argue that their complaint does not arise under the SSA, thus it is not subject to its statutorily mandated administrative procedures to obtain judicial review. *Id.* Plaintiffs admit to initiating the administrative review process. *Id.* Nevertheless, Plaintiffs' also argue that they were forced to file suit in this Court because exhausting the administrative remedies would have resulted in no review at all of their constitutional claims. *Id.* With respect to their entitlement to mandamus relief, Plaintiffs state that § 1361 is a valid basis for jurisdiction, but do not show if and how the pre-requisites for such relief are met. *Id.* On the other hand, Plaintiffs contend that their complaint states a claim upon which relief may be granted because their statutory right to a pre-deprivation hearing, under 42 U.S.C. § 405(b)(2), was denied. *Id.*

A district court should ordinarily address a 12(b)(1) motion before a 12(b)(6) motion. *See De La Cruz v. Irizarry*, 946 F. Supp. 2d 244, 249 (D.P.R. 2013) (citations omitted). For that reason,

---

[3] However, Plaintiffs' complaint also asserts federal question jurisdiction under the SSA and the Code of Federal Regulations.

Civil No. 15-2593 (JAG)                                                                                                          6

this Court first determines if it has subject matter jurisdiction over Plaintiffs' complaint. In order to do so the following issues are to be resolved: (1) whether Plaintiffs' claims arise under the SSA; if so, (2) whether Plaintiffs' followed the statutorily mandated administrative procedures of the SSA to obtain judicial review; (3) whether Plaintiffs' claims fit under the *Illinois Council* exception; and (4) whether jurisdiction under the Mandamus Statute, 28 U.S.C. § 1361, is available.

This Court holds that, in light of the relevant provisions and regulations of the SSA along with their interpretation by the Supreme Court, Plaintiffs' claims arise under the SSA. Accordingly, Plaintiffs had to follow the statutorily mandated administrative procedures of the SSA. Their failure to do so, coupled with the fact that their claims do not fit under the *Illinois Council* exception, leaves this Court without subject matter jurisdiction over the claims they have presented in this suit. Moreover, Plaintiffs have not met the necessary pre-requisites to obtain mandamus relief. Since this Court does not have jurisdiction, we do not consider whether Plaintiffs' complaint states a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). As a result, Plaintiffs' complaint is dismissed.

   I.   Claims Arising Under The Social Security Act ("SSA" or "Act")

The Court holds that Plaintiffs' complaint arises under the SSA. It has been established that an action arises under the SSA when "both the standing and the substantive basis for the presentation" of the claims is the SSA. *See Weinberger v. Salfi*, 422 U.S. 749, 760-61 (1975); *Heckler v. Ringer*, 466 U.S. 602, 615 (1984). It is clear that an action arises under the SSA if it challenges the Agency's denial of a Social Security benefit. *See Shalala v. Illinois Council on Long Term Care, Inc.*, 529

U.S. 1, 10 (2000). In this case, the essence of Plaintiffs' complaint is a challenge to the Agency's termination of their disability benefits through the redetermination process of Section 405(u). Since Plaintiffs are challenging a denial of their benefits, their complaint arises under the SSA.[4]

Notwithstanding this clear precedent, Plaintiffs argue that their complaint arises under the Constitution because they are challenging the constitutionality of the Agency and the Commissioner's actions, and any considerations under the SSA are merely collateral. Docket No. 11 at 4-11. This argument is meritless. The Supreme Court has made clear that regardless of the legal grounds a plaintiff uses to challenge a denial of benefits, an action challenging the lawfulness of that denial arises under the SSA. *See Illinois Council*, 529 U.S. at 10 (2000) (interpreting "arising under" to include any action challenging a benefit denial "irrespective of whether the individual challenges the agency's denial on evidentiary, rule-related, statutory, *constitutional*, or other legal grounds.") (emphasis added). Moreover, an action requesting benefits can arise under both the Constitution and the SSA. S*ee Salfi*, 422 U.S. at 760-61. In this case, the underlying reason for Plaintiffs' suit is the Agency's termination of their benefits. Plaintiffs specifically request that this Court reinstate their disability benefits. *See Salfi*, 422 U.S. at 761 ("To contend that [an action seeking a judgment directing the Secretary to pay Social Security benefits] does not arise under the [SSA] is to ignore both the language and substance of the complaint . . . ."). Thus, regardless of the means used by Plaintiffs to challenge the Agency's decision, Plaintiffs' complaint arises under the SSA.

---

[4] Although Plaintiffs are challenging the Agency's termination of previous benefits, rather than the denial of an initial request for benefits, the Court sees no significance in this distinction. The bottom line is the same—Plaintiffs are challenging an Agency decision denying them benefits.

## II. Statutorily Mandated Administrative Procedures

Since Plaintiffs' complaint arises under the SSA, Sections 405(g) and (h) of the Act apply, and Plaintiffs have to exhaust all administrative remedies in order to obtain judicial review. Section 405(h) of the Act specifically states that "[n]o action against the United States, the Secretary, or any officer or employee thereof shall be brought under section 1331 . . . of Title 28 to recover on any claim arising under this subchapter." Therefore, Plaintiffs cannot invoke—as they do—section 1331 as the jurisdictional basis to their complaint. Their only avenue for judicial review is Section 405(g) of the Act, "which requires the exhaustion of the administrative remedies provided under the Act as a jurisdictional prerequisite." *Mathews v. Eldridge*, 424 U.S. 319, 327 (1976).

The Court holds that Plaintiffs failed to comply with Section 405(g), thus judicial review is not available. Section 405(g) of the SSA states, in part, that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision." 42 U.S.C. § 405(g). This final decision requirement has been held as "central to the requisite grant of subject-matter jurisdiction." *Salfi*, 422 U.S. at 763-64. Furthermore, this requirement consists of two elements: (1) that a claim for benefits shall have been presented to the Secretary (nonwaivable element); and (2) that the administrative remedies prescribed by the Secretary be exhausted (waivable element). *Eldridge*, 424 U.S. at 328 (1976).

The waivable element allows the Secretary to "waive the exhaustion requirement if he satisfies himself, at any stage of the administrative process, that no further review is warranted either because the internal needs of the agency are fulfilled or because the relief that is sought is

beyond his power to confer." *Id.* at 330. This exhaustion requirement can also be waived by a court, if a plaintiff presents a collateral claim "to his claim for benefits" and there is a "colorable showing that his injury could not be remedied by the retroactive payment of benefits after exhaustion of his administrative remedies." *Ringer*, 466 U.S. at 618. Given that neither the Secretary nor the Court have waived the exhaustion requirement, Plaintiffs had to proceed with the administrative review process as indicated in Sections 404.900 to 404.982 of Title 20 of the Code of Federal Regulations in order to obtain judicial review.[5] Their failure to do so, as explained below, leaves this Court without authority to review their complaint.

As soon as Plaintiffs' insurance disability benefits were terminated, they appealed the Commissioner's decision at the reconsideration level. *See* 20 C.F.R. § 404.907. The Commissioner's decision was affirmed, so they proceeded to request a hearing before an ALJ. *See* 20 C.F.R. § 404.929. However, before such hearing took place, Plaintiffs filed the present action. By doing so, they skipped two steps in the administrative process: (1) obtaining an ALJ's decision and (2) appealing the ALJ's decision before the Appeal Council. *See* 20 C.F.R. §§ 404.929, 404.944, 404.967. Thus, even though Plaintiffs met the nonwaivable element of presenting a claim for benefits to the Secretary, they did not meet the waivable element of exhausting the applicable administrative remedies. As a result, Plaintiffs failed to comply with the final decision requirement of Section 405(g) of the SSA, and judicial review over their complaint is not available.

---

[5] The Court notes that Plaintiffs have not asked the Court to waive the second requirement, nor does the Court see a reason to do so.

### III. *Illinois Council* Exception

Contrary to Plaintiffs' belief, the *Illinois Council* exception does not apply to their case. This exception only applies if the exhaustion of administrative remedies will result in the practical denial of judicial review. *Illinois Council*, 529 U.S. at 22. In other words, if Plaintiffs "can, at some point, using some process, obtain judicial review of [their] claims," the exception does not apply. *Puerto Rican Ass'n of Physical Med. & Rehab., Inc. v. United States*, 521 F.3d 46, 49 (1st Cir. 2008) (citing *Accord Am. Chiropractic Assoc., Inc. v. Leavitt*, 431 F.3d 812, 816 (D.C. Cir. 2005)). In *Illinois Council*, it was stated that "[t]he fact that the agency might not provide a hearing for a *particular contention*, or may lack the power to provide one . . . is beside the point because it is the 'action' arising under the [Social Security] Act that must be channeled through the agency." *Id.* at 23. Accordingly, Plaintiffs not being able to challenge the findings of fraud in the redetermination process does not result in "complete preclusion of judicial review" of the Agency's determination—which can still be reviewed by an ALJ, the Appeals Council and finally by the Court. *Id.* Moreover, Plaintiffs' argument that their constitutional claims will not be reviewed fails, since "a court reviewing an agency determination under § 405(g) has adequate authority to resolve any statutory or constitutional contention that the agency does not, or cannot, decide." *Id.* Consequently, Plaintiffs' complaint does not fit within the *Illinois Council* exception, and they have to comply with Sections 405(g) and (h) of the SSA in order to obtain judicial review.

### IV. Mandamus Statute (28 U.S.C. § 1361)

A district court has original jurisdiction "of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The United States Supreme Court has not decided whether Section 405(h) of the SSA precludes statutory mandamus jurisdiction over claims arising under the Act. *Ringer*, 466 U.S. at 616. However, mandamus jurisdiction is only available if the following conditions are met: (1) plaintiff has exhausted all other avenues of relief; (2) the defendant owes him a clear nondiscretionary duty; and (3) plaintiff has no other adequate means to attain the relief he desires. *Id.*; and *Kerr v. U. S. Dist. Court for N. Dist. of California*, 426 U.S. 394, 403 (1976). Particularly, mandamus relief should be invoked "only in extraordinary situations." *Kerr*, 426 U.S. at 402 (1976) (citing *Will v. United States*, 389 U.S. 90, 95 (1967); *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 382-385 (1953); *Ex parte Fahey*, 332 U.S. 258, 259 (1947)).

The Court holds that it does not have jurisdiction under the Mandamus Statute. Plaintiffs have failed to "provid[e] the necessary backbone" to hold that mandamus jurisdiction exists—they have not shown if and how the pre-requisites for such relief are met. *Hernández v. Smith Kline Beecham Pharm.*, No. 02-2750 (DRD), 2005 U.S. Dist. LEXIS 27995, at *17 (D.P.R. Oct. 31, 2005). Therefore, their argument is considered waived. *Id.* (citing *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990)).[6] In the alternative, this Court believes the conditions for mandamus jurisdiction are not met. Plaintiffs have not exhausted all other avenues of relief. They have a

---

[6] In *Zannino*, the First Circuit stated: "it is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones." *Id.* at 17.

Civil No. 15-2593 (JAG)                                                                                                             12

pending hearing before an ALJ and the option to appeal the ALJ's decision in the Appeals Council. *See* 20 C.F.R. §§ 404.900, 404.929, 404.967. Furthermore, Plaintiffs have an adequate remedy in Section 405(g) of the SSA for challenging the Commissioner's decision to terminate their benefits. As a result, mandamus jurisdiction is not available.

## CONCLUSION

In view of the foregoing, this Court lacks subject matter jurisdiction pursuant to Sections 1331 and 1361 of Title 28 of the United States Code, as well as, pursuant to Section 405(g) of the SSA, 42 U.S.C. § 405(g). Therefore, Defendants' Motion to Dismiss is GRANTED. Judgment shall be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 3rd day of August, 2016.

s/ Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge